UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

          -against-                                     S7 21-cr-0359 (LAK)

OSCAR GOMEZ ROMERO,

                Defendant.
------------------------------------------x

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/25

LEWIS A. KAPLAN, *District Judge.*

        Defendant was arrested in Colombia in February 2022, extradited to the United States on July 19, 2023, and detained here. On June 24, 2024, he pled guilty to conspiracy to import cocaine into the United States and ultimately was sentenced principally to a term of imprisonment of 96 months. Approximately two months ago, he applied for compassionate release. In denying that application, the Court wrote:

> "'A court may grant compassionate release only if three conditions are satisfied: (1) the inmate has exhausted administrative remedies "by requesting such relief from prison authorities;" (2) the inmate demonstrates that the reasons justifying his release are "extraordinary and compelling;" and (3) the court determines that release is appropriate under the Section 3553(a) sentencing factors.' Defendant appears to have satisfied the first requirement. Nevertheless, after careful review of his voluminous motion, including the extensive medical records which form the principal support for the application, the Court is not persuaded that either of the two other prerequisites to relief has been satisfied. Indeed, to the extent that the warden of the facility in which defendant now is confined addressed relevant considerations in rejecting defendant's application, the Court finds itself in substantial agreement with the warden."[1]

        Defendant now again moves, pursuant to 18 U.S.C. § 3582 and Amendment 814 of the sentencing guidelines, for a reduction of sentence. He makes the following arguments:

---

[1] Dkt 284 (footnote omitted) (quoting *United States v. Rosemond*, 10-cr-0431 (LAK), 2024 WL 4043696, at * 1 (S.D.N.Y. Sept. 4, 2024)).

2

- His "unusually long sentence" justifies a sentence reduction, as he has been "incarcerated for over Ten (10) years of his sentence," received a long sentence given his "minimal" level of participation, and no longer is a danger to the public given his alleged rehabilitation.[2]

- The time defendant has served to date has been sufficient but not greater than necessary to accomplish the goals of sentencing.[3]

In addition, he asks that the conditions of supervised release be modified in some unspecified way "to accommodate the reasons for the sentencing reduction" defendant assumes he will receive and requests also that the Court consider, as an alternative to reducing the sentence, immediately deporting defendant.[4]

There is no merit to this application.

Defendant pleaded guilty to conspiring to import cocaine into the United States. The eight year sentence imposed upon him was substantially below the guideline range for that offense. It certainly was not unusually long for the offense of conviction. Contrary to defendant's claim that he has been incarcerated for over ten years, little more than three years have elapsed since he was arrested in Colombia and less than two years since his incarceration in the United States began. There is no evidence before the Court substantiating defendant's claim of rehabilitation or lack of danger to the public in the event of his release. Deportation to Colombia as an alternative to a sentence reduction would make little sense. The offense of conviction – conspiracy to transport cocaine from Colombia to the United States – in fact was committed in Colombia with the objective of sending drugs to the United States. There is no reason to suppose that defendant will not engage in precisely the same conduct were he sent back to Colombia early.

The Court has considered the requirements of 18 U.S.C. § 3582 and the 3553 factors. It is satisfied that there is no reasonable case that any change in defendant's sentence is warranted.

The Court notes also that defendant makes a passing request for the appointment of counsel. While the Court is sympathetic to the fact that the defendant is not learned in the law, it sees no reasonable possibility that the appointment of counsel would result in a different outcome.

---

[2] Motion at 3.

[3] *Id.* at 6.

[4] *Id.* at 8.

3

Accordingly, the defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582 and Amendment 814 is denied in all respects.

SO ORDERED.

Dated:     May 20, 2025

_____
Lewis A. Kaplan
United States District Judge