USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: 08/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

-against-

S7 21-cr-0359 (LAK)

OSCAR GOMEZ ROMERO,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER DENYING MOTION FOR SENTENCE REDUCTION AND COMPASSIONATE RELEASE**

LEWIS A. KAPLAN, *District Judge.*

In June 2024, Defendant Oscar Gomez Romero pled guilty to conspiracy to import cocaine into the United States and was sentenced principally to a term of imprisonment of 96 months. Since that time, this Court has denied three motions by Romero for a sentence reduction. Romero now has filed a fourth such motion, which is due to be denied substantially for the reasons already stated in the Court's prior orders.[1]

First, Romero seeks a recalculation of this Guidelines range and a concomitant sentence reduction under 18 U.S.C. § 3582(c)(2) based on his purported mitigating role in the offense.[2] But the only relevant amendment to the Sentencing Guidelines's mitigating role adjustment that became effective after Romero's sentencing, Amendment 833, was not made retroactive, so it provides no basis for relief.[3] And in any event, substantially for the reasons stated by the Government, Romero has not demonstrated that his role in the offense was so minimal that he would qualify for relief under Amendment 833 even if the amendment applied to him.[4]

---

1. *See* Dkts 284, 287, 291.

2. Romero Mot. (Dkt 300) at 18.

3. U.S.S.G. § 1B1.10(d); *see United States v. Perez*, 129 F.3d 255, 258-59 (2d Cir. 1997).

4. *See* Gov't Letter in Opp'n (Dkt 303) at 2.

Second, Romero argues that extraordinary and compelling reasons warrant reducing his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). He notes that he is 75 years old and suffers among other things from prostate-related health issues and a history of heart attacks. But the record does not demonstrate that Romero suffers from a terminal or extraordinary medical condition that cannot effectively be managed in prison.[5] According to records submitted by Romero, prison medical staff determined in February that his conditions could be managed effectively through conventional treatment and had not substantially diminished his ability to function in a prison environment.[6]

Third, even if extraordinary and compelling reasons were present, the Section 3553(a) factors would counsel against a sentence reduction. Romero was already 73 years old at the time of sentencing, and the Government's recommendation for a below-Guidelines sentence expressly accounted for his health conditions, including a recent heart attack.[7] The 96-month sentence that Romero received was substantially below the Guidelines range of 135 to 168 months. Given the seriousness of the offense in which Romero participated and all the relevant circumstances, the Section 3553(a) factors counsel against any reduction in Romero's sentence.

For the forgoing reasons, Romero's motion (Dkt 300) is denied and the Court finds no substantial basis for appointing counsel. The Clerk respectfully is directed to mail a copy of this order to the defendant.

SO ORDERED.

Dated: August 19, 2026

Lewis A. Kaplan
United States District Judge

---

5 *See id.* at 3-4.

6 Romero Mot. at 24.

7 Gov't Sentencing Submission (Dkt 215) at 5.